# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| RICHARD EDGELL, JR., Individually and for Others Similarly Situated | Case No. _____ |
| v. | Jury Trial Demanded |
| COASTAL WELL SERVICE LLC | FLSA Collective Action<br>Rule 23 Class Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Richard Edgell, Jr. (Edgell) brings this class and collective action to recover unpaid wages and other damages from Coastal Well Service LLC (Coastal).

2. Coastal employed Edgell as one of its Hourly Employees (defined below) in Greene County, Pennsylvania.

3. Edgell and the other Hourly Employees regularly work more than 40 hours a workweek.

4. But Coastal does not pay Edgell and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

5. Instead, Coastal pays Edgell and the other Hourly Employees non-discretionary bonuses that it fails to include in these employees' regular rates of pay for overtime purposes (Coastal's "bonus pay scheme").

6. Likewise, Coastal pays Edgell and the other Hourly Employees "per diems," but only on the days they actually work, which Coastal fails to include in their regular rates of pay for overtime purposes (Coastal's "per diem pay scheme").

7. Coastal's bonus pay scheme and per diem pay scheme violate the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA) by failing to compensate Edgell and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

8. Likewise, Coastal's bonus pay scheme and per diem pay scheme violate the Pennsylvania Wage Payment and Collection Law (WPCL) by depriving Edgell and the other Hourly Employees of earned overtime wages on their regular paydays and/or following the termination of their employment.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. This Court has general personal jurisdiction over Coastal because it is a domestic limited liability company registered to do business in the Commonwealth. *See Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 134 (2023); *see also* 42 PA. CONS. STAT. § 5301.

12. Venue is proper because Coastal maintains its principal place of business in Greene County, Pennsylvania, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. Coastal employed Edgell as a floor hand and derrickhand from approximately October 2022 until January 2023 and again from June 2024 until January 2025.

14. Throughout his employment, Coastal paid Edgell under its bonus pay scheme and per diem pay scheme.

15. Edgell's written consent is attached as **Exhibit 1**.

16.     Edgell brings this class and collective action on behalf of himself, and other Coastal employees paid under its bonus pay scheme and/or per diem pay scheme.

17.     The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Coastal employees who were paid a bonus and/or per diem during the last three years through final resolution of this action (the "FLSA Collective Members").**

18.     The putative Pennsylvania class of similarly situated employees is defined as:

> **All hourly Coastal employees who worked in, or were based out of, Pennsylvania[1] who were paid a bonus and/or per diem during the last 3 years through final resolution of this action (the "Pennsylvania Class Members").**

19.     The FLSA Collective Members and the Pennsylvania Class Members are collectively referred to as the "Hourly Employees."

20.     Coastal is a Pennsylvania limited liability company headquartered in Mt. Morris, Greene County, Pennsylvania.

21.     Coastal may be served with process by serving its officers, directors, managing agents, or general agents at its registered address: **130 Meadow Ridge Road, Mt. Morris, Pennsylvania 15349.**

---

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

**FLSA COVERAGE**

22. At all relevant times, Coastal was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, Coastal was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, Coastal was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

25. At all relevant times, Coastal had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

26. At all relevant times, Edgell and the other Hourly Employees were Coastal's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

27. At all relevant times, Edgell and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

**FACTS**

28. Coastal touts that "[w]ith over 400 years of combined well service industry experience and approaching 3,000 wells plugged, [it] brings an unparalleled level of expertise to [its] clients."[2]

29. To meet its business objectives, Coastal employs workers, including Edgell and the other Hourly Employees.

---

[2] https://coastalwellservice.com/services/ (last visited March 7, 2025).

30. For example, Coastal employed Edgell as a floor hand and derrick hand in and around Greene County, Pennsylvania from approximately October 2022 until January 2023 and again from June 2024 until January 2025.

31. As a floor hand and derrick hand, Edgell's job duties included supporting the plugging of oil wells by breaking down, washing, and maintaining machinery such as pumps, assisting with rigging, performing cleaning tasks in and around oil wells.

32. Throughout his employment, Edgell has regularly worked more than 40 hours a workweek.

33. Indeed, Edgell typically worked approximately 12 hours a day for 5 to 7 days a week (60 to 84 hours a workweek).

34. And Coastal paid Edgell approximately $19 an hour.

35. Likewise, the other Hourly Employees typically worked approximately 12 hours a day for 5 to 7 days a week (60 to 84 hours a workweek).

36. And Coastal records Edgell's and the other Hourly Employees' "on the clock" hours worked via timesheets completed by Coastal's management.

37. At the end of each pay period, Edgell and the other Hourly Employees receive wages from Coastal that are determined by common systems and methods that Coastal selects and controls.

38. But Coastal does not pay Edgell and the other Hourly Employees at the required overtime rate for all hours worked in excess of 40 a workweek.

39. Instead, Coastal pays Edgell and the other Hourly Employees under its bonus pay scheme and per diem pay scheme.

40. Specifically, under its bonus pay scheme, Coastal pays Edgell and the other Hourly Employees non-discretionary bonuses, including safety bonuses, that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates of pay.

41. For example, on October 19, 2024, Coastal paid Edgell a $491 non-discretionary safety bonus that it did not include in his regular rate of pay for overtime purposes:

| Date | Reg Pay | Reg Hrs | OT Pay | OT Hrs | Other | Gross | Taxes | Deductions | Net |
|---|---|---|---|---|---|---|---|---|---|
| 10-12-24 | 760.00 | 40.00 | 456.00 | 16.00 | 150.00 | 1,216.00 | 227.06 | 204.62 | 934.32 |
| 10-19-24 | 760.00 | 40.00 | 570.00 | 20.00 | 150.00 | 1,330.00 | 262.24 | 204.62 | 1,013.14 |
| 10-19-24 | | | | | 491.00 | 491.00 | 72.58 | | 418.42 |
| 10-26-24 | 760.00 | 40.00 | 342.00 | 12.00 | 150.00 | 1,102.00 | 199.67 | 204.62 | 847.71 |
| 11-02-24 | 760.00 | 40.00 | 570.00 | 20.00 | 150.00 | 1,330.00 | 262.24 | 204.62 | 1,013.14 |

42. Thus, under its bonus pay scheme, Coastal does not pay Edgell and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

43. And Coastal pays Edgell and the other Hourly Employees under its per diem pay scheme.

44. Specifically, under its per diem pay scheme, Coastal pays Edgell and the other Hourly Employees "per diems" each day, based on the number days they actually work, unrelated to any expenses incurred.

45. Coastal fails to include these per diems, which it labels as "Other Pay," in Edgell's and the other Hourly Employees' regular rates of pay for the purpose of calculating their overtime rates of pay:

| Check | Period End Date | Regular Pay | Regular Hours | Overtime Pay | Overtime Hours | Other Pay | Gross Pay | Taxes | Other Deductions | Net Pay |
|---|---|---|---|---|---|---|---|---|---|---|
| EDGRIC | RICHARD L EDGELL JR | | | | | | | | | |
| | 06-15-24 | 456.00 | 24.00 | | | | 456.00 | 65.40 | | 390.60 |
| | 06-22-24 | 760.00 | 40.00 | 28.50 | 1.00 | | 788.50 | 141.80 | | 701.70 |
| | 06-29-24 | 760.00 | 40.00 | 456.00 | 16.00 | 275.00 | 1,216.00 | 248.64 | | 1,242.36 |
| | 07-06-24 | 760.00 | 40.00 | 228.00 | 8.00 | 220.00 | 988.00 | 189.99 | 111.12 | 906.89 |
| | 07-13-24 | 760.00 | 40.00 | 456.00 | 16.00 | 275.00 | 1,216.00 | 248.65 | 111.12 | 1,131.23 |
| | 07-20-24 | 760.00 | 40.00 | 570.00 | 20.00 | 275.00 | 1,330.00 | 288.44 | 111.12 | 1,205.44 |
| | 07-27-24 | 760.00 | 40.00 | 456.00 | 16.00 | 275.00 | 1,216.00 | 248.64 | 111.12 | 1,131.24 |
| | 08-03-24 | 760.00 | 40.00 | 570.00 | 20.00 | 275.00 | 1,330.00 | 288.45 | 111.12 | 1,205.43 |
| | 08-10-24 | 760.00 | 40.00 | 912.00 | 32.00 | 330.00 | 1,672.00 | 407.85 | 111.12 | 1,483.03 |
| | 08-17-24 | 760.00 | 40.00 | 1,097.25 | 38.50 | 385.00 | 1,857.25 | 471.77 | 111.12 | 1,659.36 |
| 10919 | 08-18-24 | | | | | 33.00 | 33.00 | 3.52 | | 29.48 |
| | 08-24-24 | 760.00 | 40.00 | 1,254.00 | 44.00 | 260.00 | 2,014.00 | 526.25 | 111.12 | 1,636.63 |
| | 08-31-24 | 760.00 | 40.00 | 912.00 | 32.00 | 180.00 | 1,672.00 | 407.85 | 111.12 | 1,333.03 |
| | 09-07-24 | 760.00 | 40.00 | 570.00 | 20.00 | 175.00 | 1,330.00 | 262.24 | 204.62 | 1,038.14 |
| | 09-14-24 | 760.00 | 40.00 | 1,254.00 | 44.00 | 210.00 | 2,014.00 | 500.03 | 204.62 | 1,519.35 |
| | 09-21-24 | 760.00 | 40.00 | 798.00 | 28.00 | 180.00 | 1,558.00 | 341.84 | 204.62 | 1,191.54 |
| | 09-28-24 | 456.00 | 24.00 | | | 165.00 | 456.00 | 49.18 | 204.62 | 367.20 |
| | 10-05-24 | 760.00 | 40.00 | 85.50 | 3.00 | 145.00 | 845.50 | 137.28 | 204.62 | 648.60 |
| | 10-12-24 | 760.00 | 40.00 | 456.00 | 16.00 | 150.00 | 1,216.00 | 227.06 | 204.62 | 934.32 |
| | 10-19-24 | 760.00 | 40.00 | 570.00 | 20.00 | 150.00 | 1,330.00 | 262.24 | 204.62 | 1,013.14 |
| 11100 | 10-19-24 | | | | | 491.00 | 491.00 | 72.58 | | 418.42 |
| | 10-26-24 | 760.00 | 40.00 | 342.00 | 12.00 | 150.00 | 1,102.00 | 199.67 | 204.62 | 847.71 |
| | 11-02-24 | 760.00 | 40.00 | 570.00 | 20.00 | 150.00 | 1,330.00 | 262.24 | 204.62 | 1,013.14 |
| | 11-09-24 | 760.00 | 40.00 | 399.00 | 14.00 | 150.00 | 1,159.00 | 213.87 | 204.62 | 890.51 |
| | 11-16-24 | 808.00 | 40.00 | 660.00 | 20.00 | 150.00 | 1,468.00 | 310.15 | 204.62 | 1,103.23 |
| | 11-23-24 | 796.00 | 40.00 | 456.00 | 16.00 | 150.00 | 1,252.00 | 236.15 | 204.62 | 961.23 |
| | 11-30-24 | 152.00 | 8.00 | | | | 152.00 | 15.63 | 57.64 | 78.73 |
| | 12-07-24 | 760.00 | 40.00 | 456.00 | 16.00 | 150.00 | 1,216.00 | 209.35 | 298.12 | 858.53 |
| | 12-14-24 | 760.00 | 40.00 | 399.00 | 14.00 | 150.00 | 1,159.00 | 213.87 | 204.62 | 890.51 |
| | 12-21-24 | 760.00 | 40.00 | 912.00 | 32.00 | 180.00 | 1,672.00 | 381.64 | 204.62 | 1,265.74 |
| | 12-28-24 | 760.00 | 40.00 | | | 90.00 | 760.00 | 115.42 | 204.62 | 529.96 |
| | 01-04-25 | 684.00 | 36.00 | | | 85.00 | 684.00 | 97.49 | 204.62 | 466.89 |
| | 01-11-25 | 765.00 | 35.00 | | | 260.00 | 765.00 | 116.39 | 204.62 | 703.99 |
| | 01-18-25 | 760.00 | 40.00 | 28.50 | 1.00 | 145.00 | 788.50 | 122.03 | 204.62 | 606.85 |
| | Employee Totals | 23,117.00 | 1,207.00 | 14,895.75 | 519.50 | 6,314.00 | 38,536.75 | 7,883.60 | 5,039.00 | 31,404.15 |

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

46. Edgell brings his claims as a class action under Pennsylvania law pursuant to FED. R. CIV. P. 23 and a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

47. Like Edgell, the other Hourly Employees are victimized by Coastal's bonus pay scheme and per diem pay scheme.

48. Other Hourly Employees worked with Edgell and indicated they were paid in the same manner under Coastal's bonus pay scheme and per diem pay scheme.

49. Based on his experience with Coastal, Edgell is aware Coastal's bonus pay scheme and per diem pay scheme were imposed on other Hourly Employees.

50. The Hourly Employees are similarly situated in the most relevant respects.

51. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

52. Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

53. Rather, Coastal's bonus pay scheme and per diem pay scheme render Edgell and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

54. Coastal's records reflect the number of hours it recorded the Hourly Employees working "on the clock" each week.

55. Coastal's records also show it paid the Hourly Employees non-discretionary bonuses and "per diems" it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

56. The back wages owed to Edgell and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

57. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Coastal's records, and there is no detraction from the common nucleus of liability facts.

58. Therefore, the issue of damages does not preclude class or collective treatment.

59. Edgell's experiences are therefore typical of the experiences of the other Hourly Employees.

60. Edgell has no interests contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

61. Like each Hourly Employee, Edgell has an interest in obtaining the unpaid wages owed under Pennsylvania and federal law.

62. Edgell and his counsel will fairly and adequately protect the interests of the Hourly Employees.

63. Edgell retained counsel with significant experience in handling complex class and collective action litigation.

64. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Coastal will reap the unjust benefits of violating the FLSA and Pennsylvania law.

65. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

66. Indeed, the multiplicity of actions would create hardship to the Hourly Employees, the Court, and Coastal.

67. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

68. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

69. Among the common questions of law and fact are:

    a. Whether Coastal paid the Hourly Employees non-discretionary bonuses;

    b. Whether Coastal paid the Hourly Employees "per diems" labeled as "Other Pay";

    c. Whether Coastal failed to include non-discretionary bonuses and/or per diems in calculating the Hourly Employees' regular rates of pay;

    d. Whether Coastal failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

    e. Whether Coastal's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

    f. Whether Coastal's violations were willful?

70. As part of its regular business practices, Coastal intentionally, willfully, and repeatedly violated the FLSA and Pennsylvania law with respect to Edgell and the other Hourly Employees.

71. Coastal's bonus pay scheme and per diem pay scheme deprived Edgell and the other Hourly Employees of the overtime wages at the required premium rate—based on all remuneration—they are owed under federal and Pennsylvania law.

72. There are many similarly situated Hourly Employees who have been denied overtime pay at the required rate—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

73. The Hourly Employees are known to Coastal, are readily identifiable, and can be located through Coastal's business and personnel records.

### COASTAL'S VIOLATIONS WERE WILLFUL, UNREASONABLE, AND NOT THE RESULT OF A *BONA FIDE* DISPUTE

74. Coastal knew it employed Edgell and the other Hourly Employees.

75. Coastal knew it was subject to the PMWA's and FLSA's overtime provisions.

76. Coastal knew the PMWA and FLSA required it to pay non-exempt employees, including Edgell and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

77. Coastal knew it was subject to the WPCL.

78. Coastal knew the WPCL required it to pay employees, including its Hourly Employees, all wages (including overtime) earned on their regular paydays and following the termination of their employment.

79. Coastal knew Edgell and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because it recorded these employees' "on the clock" hours worked via its timekeeping system.

80. Coastal knew Edgell and the other Hourly Employees were non-exempt employees entitled to overtime pay.

81. Coastal knew it paid Edgell and the other Hourly Employees non-discretionary bonuses.

82. Coastal knew these non-discretionary bonuses were required to be, but were not included in Edgell's and the other Hourly Employees' regular rates of pay for overtime purposes.

83. Coastal knew it paid Edgell and the other Hourly Employees "per diems."

84. Coastal knew these per diems were required to be, but were not included in Edgell's and the other Hourly Employees' regular rates of pay for overtime purposes.

85. And Coastal knew the PMWA and FLSA required it to pay Edgell and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

86. Coastal's failure to pay Edgell and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

87. Coastal's refusal to pay its Hourly Employees earned wages for all hours worked on their regular paydays and following the termination of their employment was unreasonable.

88. Coastal's failure to pay its Hourly Employees their earned wages was not the result of a *bona fide* dispute.

89. Coastal knew its conduct violated the FLSA, PMWA, and WPCL.

90. Coastal knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme and per diem pay scheme that deprived Edgell and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA, PMWA, and WPCL.

## COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

91. Edgell brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

92. Coastal violated, and is violating, the FLSA by employing non-exempt employees such as Edgell and the other FLSA Collective Members in a covered enterprise for workweeks longer than

40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

93. Coastal's unlawful conduct harmed Edgell and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

94. Accordingly, Coastal owes Edgell and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

95. Because Coastal knew or showed reckless disregard for whether this bonus pay scheme and per diem pay scheme violated the FLSA, Coastal owes Edgell and the other FLSA Collective Members these wages for at least the past 3 years.

96. Coastal is also liable to Edgell and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

97. Finally, Edgell and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA
### (PENNSYLVANIA CLASS)

98. Edgell brings his PMWA claim as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

99. Coastal's conduct violated the PMWA (43 PA. STAT. §§ 333.101, *et seq.*).

100. At all relevant times, Coastal was subject to the PMWA because Coastal was (and is) an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

101. At all relevant times, Coastal employed each Pennsylvania Class Member as its covered "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

102. The PMWA requires employers, like Coastal, to pay non-exempt employees, including Edgell and the other Pennsylvania Class Members, overtime at rates not less than 1.5 times their

regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek. 43 PA. STAT. § 333.104(c); *see* 34 PA. CODE §§ 231.41-43.

103. Coastal violated, and is violating, the PMWA by employing non-exempt employees (Edgell and the other Pennsylvania Class Members) for workweeks in excess of 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. *See* 43 PA. STAT. § 333.104(c); *see also* 34 PA. CODE §§ 231.41-43.

104. Coastal's unlawful conduct harmed Edgell and the other Pennsylvania Class Members by depriving them of the overtime wages they are owed.

105. Accordingly, Coastal owes Edgell and the other Pennsylvania Class Members the difference between the rate actually paid and the required overtime rate plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 333.113.

106. Finally, Edgell and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 333.113.

<u>COUNT III</u>
**FAILURE TO PAY EARNED WAGES UNDER THE WPCL**
**(PENNSYLVANIA CLASS)**

107. Edgell brings his WPCL claim as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

108. Coastal's conduct violates the WPCL. 43 PA. STAT. §§ 260.1, *et seq*.

109. At all relevant times, Coastal was subject to the WPCL because Coastal was (and is) an "employer" within the meaning of the WPCL. *See* 43 PA. STAT. § 260.2a.

110. At all relevant times, Coastal employed Edgell and each Pennsylvania Class Member as its covered "employees" within the meaning of the WPCL.

111. The WPCL requires employers, like Coastal, to pay employees, including Edgell and the other Pennsylvania Class Members, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. 43 PA. STAT. §§ 260.3 and 260.5.

112. Coastal violated, and is violating, the WPCL by depriving the Pennsylvania Class Members of all wages earned, due, and owing to them on their regular paydays and/or following the termination of their employment. *See* 43 PA. STAT. §§ 260.3 and 260.5.

113. Edgell's and the other Pennsylvania Class Members' earned wages have remained unpaid for more than 30 days from the date they were earned, due, and payable.

114. Coastal's unlawful conduct harmed Edgell and the other Pennsylvania Class Members by depriving them of the earned wages they are owed.

115. Coastal's failure to pay Edgell and the other Pennsylvania Class Members earned wages was not the result of a *bona fide* dispute.

116. Rather, Coastal knowingly failed to pay earned wages to Edgell and the other Pennsylvania Class Members.

117. Accordingly, Coastal owes Edgell and the other Pennsylvania Class Members their unpaid earned wages plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 260.9a.

118. Coastal also owes Edgell and the other Pennsylvania Class Members liquidated damages in an amount equal to 25% of their unpaid earned wages. *See* 43 PA. STAT. § 260.10.

119. Finally, Edgell and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 260.9a(f).

## JURY DEMAND

120. Edgell demands a trial by jury on all Counts.

**RELIEF SOUGHT**

WHEREFORE, Edgell, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b. An Order designating this action as a class action pursuant to Fed. R. Civ. P. 23;

c. An Order appointing Edgell and his counsel to represent the interests of the Hourly Employees;

d. An Order finding Coastal liable to Edgell and the other FLSA Collective Members for unpaid overtime wages owed under the FLSA plus an equal amount as liquidated damages;

e. An Order finding Coastal liable to Edgell and the other Pennsylvania Class Members for unpaid overtime wages owed under the PMWA plus all available penalty wages;

f. An Order finding Coastal liable to Edgell and the other Pennsylvania Class Members for unpaid earned wages owed under the WPCL plus liquidated damages in an amount equal to 25% of their unpaid wages;

g. A Judgment against Coastal awarding Edgell and the Hourly Employees all their unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA, PMWA, and WPCL;

h. An Order awarding attorney's fees, costs, and expenses;

- 16 -

      i.      Pre- and post-judgment interest at the highest applicable rates; and

      j.      Such other and further relief as may be necessary and appropriate.

- 17 -

Date:  March 19, 2025                                Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Michael A. Josephson*
Michael A. Josephson, Esquire
PA ID No. 308410
Andrew W. Dunlap, Esquire
TX Bar No. 24078444
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch, Esquire
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist, Esquire
PA ID No. 85745
William F. Goodrich, Esquire
PA ID No. 30235
**GOODRICH & GEIST, PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS FOR EDGELL AND THE HOURLY EMPLOYEES**